**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

<table>
<tr><td>

**REBECCA KOSAKOWSKI,**
**an Individual,**

        **Plaintiff,**

**v.**

**SHARKNINJA OPERATING LLC,**
**Massachusetts Limited Liability Company,**

        **Defendant.**

</td><td>

**CASE NO.**

</td></tr>
</table>

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **REBECCA KOSAKOWSKI** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MEEHAN BOYLE, a Division of KECHES LAW GROUP, P.C.,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant") and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1.      This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Foodi Power Blender & Processor System."

2.      Defendant SharkNinja Operating LLC manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Ninja Foodi Power Blender &

Processor System," which specifically includes the Model CO351B 30 (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.     On or about April 20, 2023, Plaintiff suffered laceration injuries to her face as the direct and proximate result of the Ninja blender's cup detaching from the blade base during the normal, intended use of the Ninja blender.

4.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTTIFF REBECCA KOSAKOWSKI

5.     Plaintiff is a resident of the City of Columbia, County of Richland, State of South Carolina, and remains domiciled in the same.

6.     On or about April 20, 2023, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending, when the Ninja blender's cup detached from the blade base; causing the blade to lacerate Plaintiff's face.

## DEFENDANT SHARKNINJA OPERATING LLC

7.     Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

8.     Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in

2

Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the Massachusetts and the United Kingdom for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district and Defendant is a resident of this district.

## FACTUAL BACKGROUND

11.     On or about April 20, 2023, Plaintiff planned to blend dry cake mix and water in small batches using her Ninja blender single-serve cup.

12.     After adding a small amount of cake mix and water to the cup, she secured the cup to the base and used the "Pulse" button, running the blender on two-second intervals for roughly 10 seconds. She could see the batter forming, so everything appeared to be working as it should.

13.     When she was done mixing, Plaintiff took the cup off the base with her right hand and started to twist it open with her left. But after roughly a quarter-twist, the cup exploded open with a loud boom.

14.     For a moment, Plaintiff just stood there in a daze, frozen in place. There was batter everywhere, including splashed across her face. She knew something else had hit her but did not know what. She grabbed some paper towels, held them to her face, and ran to the bathroom to

investigate. There was a deep gash on her left cheek, and the towels were already becoming saturated with blood. Her whole face was flushed red.

15.     Plaintiff's angel food cake mix contained leavening agents which were supposed to activate when wet ingredients were added, creating air bubbles and making the resulting cake soft and spongy. These gases had built up during the blending process and caused the blade attachment to burst off the end of the cup, smashing into Rebecca's face and cutting her cheek.

16.     Plaintiff used her Ninja Blender for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

17.     However, the aforementioned Ninja Blender was defectively designed by Defendant in that the sealed bullet-shaped canister can break, exposing the user to the extremely fast-moving blade inside.

18.     Defendant's Ninja Blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

19.     Economic, safer alternative designs were available that could have prevented the Ninja Blender blender's plastic cup from breaking and exposing the user to the blade assembly.

20.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT PRODUCTS LIABILITY

21.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

22.    At all times relevant, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 et seq. of the South Carolina Code Ann. (1976, as amended).

23.    Pursuant to S.C. Code § 15-73-10 et seq., Defendant is strictly liable in tort, irrespective of privity, for designing, manufacturing, warranting, marketing, importing, distributing, selling, and otherwise placing a defective and unreasonably dangerous product into the stream of commerce, which was the proximate cause of Plaintiff's injuries and damages.

24.    At all times relevant herein, Defendant was in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the blenders to consumers, including the subject blender.

25.    At the time they were designed, manufactured, warranted, marketed, imported, distributed, and sold by Defendant, the blenders were defective in their design, manufacture and/or warnings and were unreasonably dangerous for their foreseeable uses.

26.    The subject blender was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

27.    Plaintiff neither misused nor materially altered the subject blender and, at the time of the incident complained of herein, the subject blender was in the same or substantially similar condition as it was in at the time of sale.

28.    At all relevant times, including when the incident alleged herein occurred, the subject blender was used by Plaintiff in an intended and/or foreseeable manner.

29.    As designed, manufactured, warranted, marketed, imported, distributed, and sold, the Ninja blenders at issue were unreasonably dangerous and failed to perform in a manner reasonably expected in light of their intended design, nature, and function, because, at the time they were sold

or otherwise distributed by the Defendant, they were in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the blenders; and (b) that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

30.    Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the blenders safe. Specifically:

   a.    The blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.    The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c.    Defendant failed to properly market, design, manufacture, distribute, supply, and sell the blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d.    Defendant failed to adequately test the blenders; and

   e.    Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, which could have prevented the Plaintiff's injuries and damages.

31.    Plaintiff did not know at the time of her use of the subject blender, nor at any time prior thereto, of the existence of the defects in the product.

32.    Defendant knew or should have known that its blenders created substantial risk of unreasonable harm to Plaintiff and consumers alike.

33.    Despite the fact that Defendant knew or should have known that its Ninja blenders were dangerously defective and could cause the injuries described herein, Defendant continued to market its Ninja blenders to the general public (and continues to do so).

34.    As a direct, actual, and proximate result of Defendant's actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT II**
**<u>NEGLIGENCE</u>**

35.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

36.    The subject blender was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

37.    Plaintiff neither misused nor materially altered the subject blender and, at the time of the incident complained of herein, the subject blender was in the same or substantially similar condition as it was in at the time of sale.

38.    Defendant owed a duty to Plaintiff and other users of their products to exercise due care in the sale and distribution of the Ninja blenders at issue in this case.

39.    Defendant was negligent, careless, and reckless in the design, manufacture, advertising, warning, marketing, and sale of their blenders in that, among other things, it:

   a.    Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

   b.    Placed an unsafe product into the stream of commerce; and

   c    Were otherwise careless or negligent.

40.    Plaintiff did not know at the time of her use of the subject blender, nor at any time prior thereto, of the existence of the defects in the product.

41.    Despite the fact that Defendant knew or should have known that its Ninja blenders were dangerously defective and could cause the injuries described herein, Defendant continued to market its Ninja blenders to the general public (and continues to do so).

42.    As a direct, actual, and proximate result of Defendant's actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## **INJURIES & DAMAGES**

43.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

44.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

45.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment,

as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant's defective blender;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and Massachusetts law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

*[Signatures on Next Page]*

The Plaintiff,

By Her Attorneys,

**MEEHAN BOYLE, a Division
of KECHES LAW GROUP, P.C.**


*/s/Robert F. Foster*
Robert F. Foster, Esq.; BBO No. 697532
rfoster@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA, 02114
 (617) 523-8300


*In association with:*


*/s/Adam J. Kress*
**JOHNSON BECKER, PLLC**
Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to Be Filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

DATED:        April 15, 2026